# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TERESA WILMOT,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:05cv467-MP/WCS**

**WARDEN M.L. RIVERA, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 28 U.S.C. § 1331 or § 1346.  Doc. 1.  As Plaintiff has now paid the assessed initial partial filing fee, doc. 7, the complaint, doc. 1, has been reviewed pursuant to 28 U.S.C. § 1915A.

    Plaintiff's complaint alleges that prison officials at the Federal Correctional Institution in Tallahassee, Florida, knowingly violated Plaintiff's rights by issuing her an incident report charging her with encouraging a group demonstration for placing a "flyer" on the institution's fence line.  Doc. 1, pp. 9-10.  Plaintiff was placed in the SHU and ultimately found guilty of the infraction.  *Id.*  Plaintiff contends that the various Defendants knew that Plaintiff was not guilty, but held her responsible anyway.  *Id.*  For

example, Plaintiff was told by one Defendant that she should have come up with names of the persons responsible before they came up with her name. *Id.* Plaintiff asserts that other inmates on the compound set her up and gave false statements in the investigation. *Id.* Plaintiff exhausted administrative remedies to no avail even though she alleges that the Defendants knew Plaintiff had no knowledge of the flyer and was not responsible. *Id.*

Plaintiff acknowledges that the facts at issue in this case concern a disciplinary hearing and the ensuing loss of good time. Doc. 1, p. 5. Plaintiff states that the good time has not yet been restored. *Id.* Furthermore, as relief in this civil rights action, Plaintiff seeks the restoration of good time credit, to have the incident report expunged, and to prosecute the parties responsible for the false incident report. *Id.*, at 11.

In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that the sole remedy for a federal prisoner seeking restoration of good-time credits is through a petitioner for writ of habeas corpus. *Id.* at 500, 93 S.Ct. 1827. The basis for that holding is that such relief is an attack on "the very duration of . . . physical confinement," which lies at "the core of habeas corpus." *Id.*, at 487-88, 93 S.Ct. 1827. Thereafter, the holding was established further and extended to state prisoners in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). These cases hold that habeas corpus proceedings are the only means possible for a prisoner to seek restoration of good-time credits. This case cannot provide the relief sought by Plaintiff.

Moreover, even if Plaintiff were to drop her request for such relief, this action cannot be maintained on a theory that Plaintiff is only challenging the validity of the

Case No. 4:05cv467-MP/WCS

procedures used for revoking her good-time credits, and seeks only monetary damages or prospective relief instead. That is so because in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a prisoner cannot maintain a civil rights action on a claim that he was subjected to unconstitutional disciplinary procedures when the conviction underlying the disciplinary action had not already been invalidated or overturned. Recovery on any such claim would necessarily imply the invalidity of the conviction and, in such cases, would necessarily mean that the term of imprisonment imposed on Plaintiff was unlawful. All such challenges for quicker or speedier release from incarceration must be made through habeas corpus.

Because in this case Plaintiff cannot demonstrate that her prison disciplinary proceeding has been overturned or otherwise rendered invalid, this action cannot proceed. Plaintiff's sole remedy is through a petition for writ of habeas corpus and this case must be dismissed for failing to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2006.

       s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv467-MP/WCS