**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TERESA WILMOT,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:05cv467-MP/WCS**

**WARDEN M.L. RIVERA, et al.,**

    **Defendants.**

    _____/

## O R D E R

In January, the undersigned entered a report and recommendation on the *pro se* Plaintiff's civil rights complaint, filed under 28 U.S.C. § 1331 or § 1346. Docs. 1, 8. In response, Plaintiff has filed a motion for reconsideration and motion to continue this case. Doc. 9.

The report and recommendation concluded that because the facts at issue in this case concerned the loss of gain time following a disciplinary hearing, and because the good time has not been restored, the claims could not proceed pursuant to Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Doc. 8. Plaintiff now states that she has a petition for habeas corpus pending and wants to have this case continued

"untill [sic] Plaintiff's habeas corpus has been ruled and finalized."  Doc. 9, p. 9.  The Supreme Court held that a prisoner cannot maintain a civil rights action on a claim that he was subjected to unconstitutional disciplinary procedures when the conviction underlying the disciplinary action had not already been invalidated or overturned.  Heck, 114 S. Ct. at 2372.  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.  In extending Heck explicitly in the context of a prison disciplinary setting, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 1589, 137 L. Ed. 2d 906 (1997).  Furthermore, the Court noted that the district court had improperly stayed the inmate's § 1983 case while he "sought restoration of his good-time credits."  *Id.*, at 649.  Because § 1983 does not contain a "judicially imposed exhaustion requirement . . . absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id.*, *citing* Heck, 114 S.Ct. at 2369.  Accordingly, Plaintiff's motion to stay this case pending resolution of her habeas petition must be denied as required by the Court's opinion in Balisok.       Because in this case Plaintiff cannot demonstrate that her prison disciplinary proceeding has been overturned or otherwise rendered invalid, this action cannot proceed.  The motion for reconsideration is granted to the extent that Plaintiff's case has been reviewed, but the previously issued report and recommendation, doc. 8, was correct and will stand.

        Accordingly, it is

Case No. 4:05cv467-MP/WCS

**ORDERED:**

1. Plaintiff's motion for reconsideration, doc. 9, is **GRANTED** to the extent that the case was reviewed.

2. Having found the report and recommendation, doc. 8, correct, it will stand and Plaintiff is granted an additional *brief* period of time in which to file objections to the report and recommendation. Plaintiff must file her objections by **February 22, 2006**.

3. The Clerk of Court shall refer the report and recommendation, doc. 8, and any objections filed by Plaintiff to the presiding District Judge.

4. Plaintiff's motion to continue this case, doc. 9, is **DENIED**.

**DONE AND ORDERED** on February 6, 2006.

        s/  William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**