IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERESA WILMOT,

    Plaintiff,

v.                                                     CASE NO. 4:05-cv-00467-MP-WCS

WARDEN M. L. RIVERA, et al.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 8, Report and Recommendations of the Magistrate Judge, recommending that plaintiff's complaint, Doc. 1, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  The Magistrate Judge filed the Report and Recommendation on Wednesday, January 18, 2006.  The parties were furnished a copy of the Report and Recommendation and were afforded an opportunity to file objections.  Defendant has filed objections to the Report and Recommendation, Doc. 11.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After reviewing the Magistrate's report and all objections thereto timely filed, I have determined that the Report and Recommendations should be adopted.  Plaintiff asserts that her claims are not barred by Heck v. Humphrey, Edwards v. Balisok, and Preiser v. Rodriguez.  Plaintiff's claims, however, are without merit.  Preiser holds that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411

U.S. 475, 500 (1973).  In <u>Heck</u>, the Supreme Court made it clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  <u>Heck v. Humphrey</u>,  512 U.S. 477, 486-487 (1994) (footnote omitted).  The Supreme Court in <u>Edwards</u> held that <u>Heck</u> is applicable to claims surrounding prison disciplinary hearings.  <u>See</u> <u>Edwards v. Balisok</u>,  520 U.S. 641, 648 (1997) (indicating that a claim attacking only procedure, not result, of a prison disciplinary hearing may still fail to be cognizable under section 1983 unless the prisoner can show that the conviction or sentence has been previously invalidated).  Most recently, the Supreme Court has reiterated "that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  <u>Wilkinson v. Dotson</u>, 125 S.Ct. 1242, 1248 (2005).  Plaintiff's present civil rights action, if successful, would do just that.  Therefore, Plaintiff's claim must be denied.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

    1.    The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

    2.    Plaintiff's complaint, Doc. 1, is dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this   *28th* day of March, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge